IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.   Criminal No. 09-0181
   Electronically Filed

MARIO HAMLIN

## TENTATIVE FINDINGS AND RULINGS

AND NOW, this 2nd day of December, 2010, in accordance with Fed.R.Crim.P. 32(i) and Local Criminal Rule of Court LCrR 32.1(H), the Court makes the following findings and rulings with respect to defendant's sole objection to the Presentence Investigation Report ("PSR") (doc. no. 59):

The Probation Office used the 2010 version of the United States Sentencing Guidelines, including the Emergency Amendments with an effective date of November 1, 2010, and the parties do not object to using the 2010 version of the guidelines. According to the PSR, defendant Mario Hamlin's base offense level under the drug tables is 28, based on his admitted distribution of 114.2 grams of crack cocaine, USSG § 2D1.1(c)(6) (for quantity between 112 and 196 grams of cocaine base), his adjusted and total offense levels are 25, and he is in a criminal history category III based on 4 criminal history points. That total offense level and criminal history produce an advisory guidelines range of imprisonment of 70 to 87 months *but for* the 120 month mandatory statutory minimum sentence of imprisonment pursuant to the statute in effect at the time of the offense conduct. See 21 U.S.C. § 841(b)(1)(A)(iii) and USSG § 5G1.1(b). Defendant's Objections to Paragraphs 89 and 90 of the PSR (doc. no. 62) relate solely to the calculation of the applicable mandatory minimum sentence to be imposed at Count Two of the indictment because it fails to

1

account for the Fair Sentencing Act of 2010 and the Emergency Amendments.

Defendant does not dispute that the above calculation is correct based upon the 2010 Guideline provisions, but asserts that it is inconsistent to apply the 2010 version of the guidelines, including the Emergency Amendments authorized by Congress to implement the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), to determine the base offense level, but simultaneously apply the mandatory minimum statutory predecessor. The Fair Sentence Act of 2010, in relevant part, increased the threshold for application of a 10 year mandatory sentence from 50 grams of cocaine base to 280 grams of cocaine base. If the Fair Sentencing Act of 2010 applied herein, it would take 280 grams of crack to trigger the mandatory ten years imprisonment, and Mr. Hamlin would be subject to a mandatory minimum of five years in prison, rather than the ten. See 21 U.S.C. § 841(b)(1)(A)(iii), as amended.

Defendant argues that the legislative intent in enacting the Fair Sentencing Act of 2010 and fostering the current Guidelines was to ensure that those sentenced after November 1, 2010 receive uniformity in sentencing at the levels specified in the Guidelines, and submits that consistent with both legislative policy and the Guidelines themselves, the applicable mandatory minimum sentence at Count 2 of the Indictment in this matter is a term of incarceration of not less than five (5) years.

The government counters that the Fair Sentencing Act of 2010 must not be applied retroactively where the offense conduct took place under the former statutory incarnation, citing, inter alia, three recent cases decided by United States Courts of Appeals for the Sixth, Seventh, and Eighth Circuits upon which this Court relied in *United States v. Clemons*, Criminal No. 08-028. *United States v. Carradine*, __ F.3d __, 2010 WL 3619799 (6th Cir. 2010); *United States v.*

2

*Brewer*, __ F.3d __, 2010 WL 4117368 (8th Cir. 2010); *United States v. Bell*, __ F.3d __, 2010 WL 4103700 (7th Cir. 2010). This Court's recent decision in the *Clemons* case adopted the government's position that application of the Fair Sentencing Act of 2010 to conduct committed before its effective date would work a retroactive application not authorized or contemplated by Congress. *Clemons*, Order of Court on Sentencing Factors, October 26, 2010 (doc. no. 166), at 3-5.

Consistent with this Court's ruling in *Clemons*, the Court overrules Mr. Hamlin's objection to application of the mandatory minimum sentence of 120 months imprisonment.

The Court notes that neither defendant nor the government challenge the factual recitations contained in the PSR. Pursuant to Federal Rules of Criminal Procedure 32(i)(3)(B), this Court is required, with regard to any purported factual inaccuracy in the PSR, to make a finding as to each allegation or a determination that no such finding is necessary because the matter in controversy will not be taken into account in sentencing the defendant. Because neither party has challenged the accuracy of the factual averments of the Probation Office's report in any respect, the Court will accept the accuracy of the fact findings of the PSR. *United States v. Siegel,* 477 F.3d 87, 93-94 (3d Cir. 2007); *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) ("A conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination. In this respect, the report serves as a prima facie and sufficient showing of fact.").

The Court will, of course, consider all section 3553(a) factors, including defendant's particular criminal history – i.e., the nature and seriousness of the individual offenses – at the sentencing hearing, as well as his personal characteristics and history, after hearing from counsel

for Defendant and for the government. 18 U.S.C. § 3553(a). The Court will consider all of the factors defendant identifies in his Sentencing Memorandum in determining an appropriate sentence within or at variance with the sentencing guidelines.

The sentencing hearing will proceed in accordance with the foregoing findings and rulings, and the Court will consider defendant's argument about any section 3553(a) factors, any request for a variance from the advisory sentencing guideline range of imprisonment, and argument as to an appropriate sentence in light of any relevant section 3553(a) factors presented to the Court.

**SO ORDERED.**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record
United States Marshal Office
United States Probation Office